JOHN SLOAN, Appellant, v. WILLARD A. MITCHELL, Individually
and as Trustee, Respondent.

First Department, November 20, 1914.

Pleading — complaint — demurrer — action to recover value of stock
held in trust — contract.

Where the complaint, in an action to recover for the value of stock, plus
dividends thereon, claimed to be held by the defendant as trustee, does
not allege that the promise of the defendant to deliver the stock to the
plaintiff was made upon consideration, and fails to show that there
was any privity of contract between the plaintiff and the defendant, a
demurrer should be sustained.

APPEAL by the plaintiff, John Sloan, from an order of the
Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York
on the 17th day of July, 1914, sustaining a demurrer to the
complaint.

*Stephen Van Wyck*, for the appellant.

*Martin Conboy*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, on
the opinion of PAGE, J., with leave to the plaintiff to amend
on payment of costs.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN,
CLARKE and SCOTT, JJ.

The following is the opinion delivered at Special Term:

PAGE, J.:

The complaint states that the plaintiff and one Hutchinson
owned an option to purchase certain mining properties in Mexico,
adjoining property of the San Toy Mining Company, and that
in November, 1906, the plaintiff and a majority of the directors
of the said San Toy Mining Company agreed that the com-
pany would purchase the said option "provided one Charles
M. Schwab would agree to purchase the properties described in
said option and thereafter sell the same to said mining company
for three million shares of its capital stock of the par value of

One dollar per share, and the further amount of 250,000 shares of its capital stock of the par value of One dollar per share, which was to be paid to the plaintiff and associate for the transfer of said option to said mining company, provided said Schwab purchased the two said properties and resold them to the said company." It is then alleged that shortly thereafter the said option was duly assigned and delivered to said San Toy Mining Company and that Charles M. Schwab purchased the aforesaid mining properties from their owner, one Gomerez, and by his agent the defendant, Willard A. Mitchell, caused the properties to be conveyed to the San Toy Mining Company, and in consideration therefor the said corporation issued to said defendant Mitchell certificates for 3,250,000 shares of its capital stock of the par value of $1 each. It is then alleged that the defendant issued to Schwab 3,000,000 of the said shares and " retained unto himself " 250,000 shares. It is alleged that the defendant has many times declared and admitted that he retained the said shares merely as trustee, and that plaintiff demanded that he assign and deliver over to plaintiff and his associate said 250,000 shares, which the defendant at various times promised to do, and at various other times after October, 1912, the plaintiff demanded that the defendant deliver over the stock, which demand was refused. The complaint demands judgment for the value of the stock, $250,000, plus dividends thereon paid to the defendant. The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer is sustained. The complaint shows no privity of contract between the plaintiff and the defendant. The alleged promise of the defendant to deliver the stock to the plaintiff is not alleged to have been made upon consideration. It does not appear from the complaint that the defendant originally received the stock on behalf of the plaintiff or impressed with any trust in his favor or duty to transfer it to the plaintiff. While the complaint does allege that the defendant frequently admitted that he was holding the stock as trustee, it is not stated that he admitted holding it as trustee for the plaintiff. The only cause of action in favor of the plaintiff which could be found in the complaint is one against the San Toy Mining Company for

breach of contract to deliver 250,000 shares of stock to the plaintiff in payment for the option. The said company, however, is not a party to the action. The demurrer is sustained, with $10 costs, with leave to the plaintiff to amend upon payment of said costs within ten days after service of notice of entry of an order herein, in default of which the complaint is dismissed, with costs.